**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE GALVAN, JR.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-CV-822-BJ** |
| | § | |
| **COMMISSIONER, SOCIAL** | § | |
| **SECURITY ADMINISTRATION,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

**I.     STATEMENT OF THE CASE**

Plaintiff Joe Galvan, Jr. ("Galvan") filed this action pursuant to Section 405(g) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA").  On May 23, 2022, Galven filed an application for DIB, alleging that his disability began on December 17, 2018.  (Transcript ("Tr.") at 46; *see* Tr. 205-06.)  Galvan's application was denied both initially and on reconsideration.  (Tr. 46; *see* Tr. 88-103, 109-118.)  Galvan then requested a hearing before an ALJ.  (Tr. 46; *see* Tr. 142-62.)  On September 24, 2024, the ALJ held a telephone hearing and, on November 15, 2024, found that Galvan was not disabled within the meaning of the SSA.  (Tr. 46-56; *see* Tr. 63-87.)  Galvan then filed a request for review of the ALJ's decision to the Appeals Council.  (Tr. 197-98.)  On June 3, 2025, the Appeals Council denied Galvan's request, leaving the ALJ's decision to stand as the final decision of the Commissioner.  (Tr. 1-7.)

## II.   STANDARD OF REVIEW

Disability insurance is governed by Title II, 42 U.S.C. §§ 401-434 of the SSA.  In addition, numerous regulatory provisions govern disability insurance.  *See* 20 C.F.R. Pt. 404 (disability insurance).  Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability insurance benefits and SSI."  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed.  *See* 20 C.F.R. § 404.1520.  First, the claimant must not be presently working at any substantial gainful activity.  *See id.* § 404.1520(a)(4)(i).  Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit.  20 C.F.R. § 404.1572.  Second, the claimant must have an impairment or combination of impairments that is severe.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *see also Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  Third, disability will be found if the impairment, or combination of impairments, meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404 Subpt. P, App. 1.  *See* 20 C.F.R. §§ 404.1520(a)(iii), (d).[1]  Fourth, if disability cannot be found based on the claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work.  20 C.F.R. §§

---

[1] Before moving from the third to the fourth step of the inquiry, the Commissioner assesses the claimant's residual functional capacity ("RFC") to determine the most the claimant is able to do notwithstanding her physical and mental limitations.  20 C.F.R. § 404.1520(a)(4), (e).  The claimant's RFC is used at both the fourth and fifth steps of the five-step analysis.  *Id.* § 404.1520(a)(4).  At step four, the claimant's RFC is used to determine if the claimant can still do her past relevant work.  *Id.* § 404.1520(a)(4)(iv).  At step five, the claimant's RFC is used to determine whether the claimant can adjust to other types of work.  *Id.* § 404.1520(a)(4)(v).

404.l520(a)(4)(iv), (f).  And fifth, the impairment or impairments must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience.  *Id.* §§ 404.l520(a)(4)(v), (g); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).  At steps one through four, the burden of proof rests upon the claimant to show she is disabled.  *Crowley*, 197 F.3d at 198.  If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments.  *Id.*  If the Commissioner meets his burden, it is up to the claimant to then show that she cannot perform the alternate work.  *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards, and whether the decision is supported by substantial evidence in the record as a whole.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988) (per curiam).  Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  It is more than a mere scintilla, but less than a preponderance.  *Id.*  A finding of no substantial evidence is appropriate only if *no* credible evidentiary choices or medical findings support the decision.  *Id.* (emphasis added).  An ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ.  *Dollins v. Astrue*, No. 4:08-CV-00503-A, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009).  This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present.  *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.

### III.   ISSUES

In his brief, Galvan presents the following issues:

1. Whether the ALJ developed a full and fair record and created an accurate and logical bridge when determining Galvan's RFC; and

2. Whether the ALJ properly evaluated the evidence of Galvan's insomnia and its work-related limitations.

(Plaintiff's Brief ("Pl.'s Br.") at 1; 3-12.)

### IV.   ALJ DECISION

As set forth above, in a decision dated November 15, 2024, the ALJ concluded that Galvan was not disabled within the meaning of the SSA.  (Tr. 46-56.)  At Step One, the ALJ found that Galvan had not engaged in substantial gainful activity during the period from December 17, 2018, his alleged onset date, through his date last insured of September 30, 2022.  (Tr. 49.)  At Step Two, the ALJ found that Galvan had the severe impairments of "diabetes mellitus with peripheral neuropathy, degenerative changes of the lumbar spine, mild acromioclavicular joint arthritis of the left shoulder, [and] bilateral hip osteoarthritis."  (Tr. 49 (emphasis omitted).)   The ALJ further found that Galvan had several non-severe impairments, including insomnia.  (*Id.*)

Next, at Step Three, the ALJ determined that Galvan did not have an impairment or combination of impairments that met or was medically equivalent to the severity of one of the listed impairments in the Listing.  (Tr. 50-51.)  As to Galvan's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he can occasionally climb ramps and stairs.  He can never climb ladders, ropes, and scaffolds.  He can occasionally balance (per the SCO).  He can occasionally stoop, kneel, crouch, and crawl.  He should avoid direct sunlight and very loud, level 5 noise.  He can occasionally reach overhead and can frequently reach in all other directions with non-dominant left upper extremity.

4

(Tr. 51 (emphasis omitted) (mistakes in original).)  At Step Four, the ALJ found that Galvan was capable of performing his past relevant work as a policy holder information clerk.  (Tr. 55.) Accordingly, the ALJ found that Galvan was not disabled as defined in the SSA from December 17, 2018, through September 30, 2022.  (Tr. 56.)

## V.     DISCUSSION

### A.     <u>Failure of Duty to Develop the Record</u>

In his brief, Galvan, citing to *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) and several other cases, argues that the ALJ erred in failing to develop the record  "because the ALJ did not obtain a medical opinion when determining Galvan's RFC caused by his physical and mental impairments."  (Pl.'s Br. at 5; *see* Pl.'s Br. at 3-8.)  Specifically Galvan states:

> As in *Patterson* [*v. Commissioner*],[2] the ALJ acknowledged that the evidence of record contained no medical opinions and that the state agency medical consultants found there was insufficient evidence . . . .  The facts of this appeal fall squarely within the general rule.  As such, the ALJ did not develop a full and fair record because there is no evidence clearly establishing the effects of Galvan's physical and mental impairments on his ability to work.

(Pl.'s Br. at 5-6 (internal citations omitted) (footnote added).)

Defendant, in his brief, argues that "Plaintiff's argument that the ALJ failed to develop the record by not obtaining a medical opinion when determining RFC is misplaced."  (Defendant's Brief ("Def.'s Br.") at 2.)  In support, Defendant states:

> The RFC determination is a *legal*, not *medical* determination.  It is the ALJ, not a physician, who determines the RFC finding.  While an ALJ's RFC finding may mirror a physician's opinion if the ALJ find that opinion is consistent with and supported by the record as a whole, there is no requirement for the ALJ's RFC findings to exactly match a medical opinion.  The ALJ's role is to evaluate and synthesize all the medical and non-medical evidence in the record to arrive at the RFC findings.  Thus, the regulations do not require a medical opinion for the ALJ to determine RFC.

---

[2] No. 3:24-CV-2300-N, 2025 WL 2025007, at *3-6  (N.D. Tex. June 12, 2025), *rep. and rec. adopted*, 2025 WL 2023017 (N.D. Tex. July 18, 2025).

(Def.'s Br. at 3 (internal citations omitted).)

As set forth above, the ALJ determined that Galvan had the RFC to perform sedentary work, with some additional restrictions.  (Tr. 51.)  In making this RFC determination, the ALJ went through, *inter alia*, Galvan's testimony at the hearing, medical and treatment records.  (Tr. 51-55.  As to the medical opinions in the record, the ALJ stated:

> The undersigned has fully considered the medical opinions and prior administrative medical findings as follows:
>
> The State Disability Determination Services (DDS) twice found that there was insufficient evidence prior to the date last insured to substantiate the presence of a physical or mental disorder to perform a physical or mental impairment analysis (1A/3A).  Therefore, there are no opinions here to evaluate.
>
> On April 19, 2024, Sherry Livingston APRN, FNP-C of the JPS Care Team drafted a letter on behalf of the claimant.  Here, Ms. Livingston noted multiple co-morbidities of which she treated the claimant.  Ms. Livingston asked that these condition be considered in this determination but offered no function by function analysis on the impact of the claimant's impairments on her ability to perform basic work activities.  Therefore, there is no opinion to evaluate.

(Tr. 55 (mistakes in original).)

The determination of a plaintiff's RFC is "the sole responsibility of the ALJ."  *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012).  Under the current regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings."  20 C.F.R. § 404.1520c(a); *see Mary L. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-1430-BK, 2024 WL 3939571, at *4 (N.D. Tex. Aug. 26, 2024) (citing 20 C.F.R. § 404.1520c(a)).  However, in *Ripley*, the Fifth Circuit held that remand for additional proceedings is necessary where the "record includes a vast amount of medical evidence establishing" that the claimant has an impairment but "does not clearly establish . . . the effect [the claimant's] condition had on his ability to work."  67 F.3d at 557.  "Though the RFC does not need to 'mirror or match a medical opinion,' it must be supported  by substantial evidence

in the record." *Melody L. v. Comm'r, Soc. Sec. Admin.*, No. 3:24-cv-02434-BU, 2025 WL 1457190, at *4 (N.D. Tex. May 21, 2025) (quoting *Amy Y. v. Comm'r of Soc. Sec.*, No. 5:22-CV-245-BQ, 2023 WL 5209813, at *4 (N.D. Tex. July 25, 2023), *report and recommendation adopted*, 2023 WL 5216497 (N.D. Tex. Aug. 14, 2023). "'[W]here no medical statement has been provided, [a court's] inquiry focuses upon whether the [ALJ's] decision . . . is supported by substantial evidence.'" *Wills v. Kijakazi*, No. 22-20609, 2023 WL 4015174, at *3 (5th Cir. June 14, 2023) (unpublished) (quoting *Ripley*, 67 F.3d at 557).[3]

In this case, after reviewing the ALJ's decision, it appears that the ALJ erred in failing to develop the record as the ALJ did not have sufficient facts on which to make an informed RFC determination. *See Patterson*, 2025 WL 2025007, at *5. In this case, the ALJ explicitly stated that there were no medical opinions in the record to evaluate that opined on Galvan's ability to perform basic work activities. (Tr. 55.) "While 'the absence of a medical opinion describing the types of work that the applicant is still capable of performing . . . does not, in itself, make the record incomplete[,]' the Court finds that the failure *in this case* results in a lack of substantial evidence

---

[3] The Court notes that this opinion by the Fifth Circuit is an unpublished, per curiam opinion. In this opinion, the Fifth Circuit found that there are situations in which the lack of a medical opinion does not necessarily result in an RFC determination not supported by substantial evidence. *See Wills*, 2023 WL 4015174, at *4. However, an unpublished opinion is not controlling precedent and has no authority beyond the extent to which its analysis is persuasive. *See Ballard v. Burton*, 444 F.3d 391, 401, n.7 (5th Cir. 2006) ("An unpublished opinion issued after January 1, 1996 is not controlling precedent, but may be persuasive authority.") (citation omitted). Simply put, this Court finds the analysis in *Wills* inconsistent with the Fifth Circuits published decision, *Ripley*, in which it stated that "[w]ithout reports from qualified medical experts" it could not "agree that the evidence substantially support[ed] the conclusion that Ripley was not disabled because [it was] unable to determine the effects of Ripley's conditions, no matter how 'small', on his ability to perform sedentary work." *Ripley*, 67 F.3d at 558 n.27. Further, a rule allowing ALJs to craft RFCs out of whole cloth with zero medical opinions would create too great a "temptation to play doctor," which the Fifth Circuit has correctly cautioned against. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003) (citing *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)).

In any case, the Court notes that the facts here are distinguishable from *Wills* as, in *Wills*, there was an older State Agency Medical Consultant ("SAMC") opinion in the record that assessed the claimant with several severe impairments and set forth an RFC determination that the claimant "avoid concentrated exposure to hazards and working with moving objects, scaffolds, and heights." *Wills*, 2023 WL 4015174, at *1. That is not the case here because none of the medical opinions in the record set forth an RFC determination. (Tr. 55)

supporting the ALJ's RFC determination." *Patterson*, 2025 WL 2025007, at *5 (quoting *Esperanso G. v. Comm'r, Soc. Sec. Admin.*, No. 1:24-CV-20-BK, 2025 WL 919390, at *7 (N.D. Tex. Mar. 26, 2025) (internal quotation marks and citations omitted); *see also Long v. Comm'r, Soc. Sec. Admin*, No. 3:24-cv-2808-BJ, 2025 WL 3141204, at *5 (N.D. Tex. Nov. 10, 2025) (finding that substantial evidence did not support the ALJ's RFC determination when "the ALJ did not find any medical opinion persuasive and [t]here were no medical opinions that gave an opinion on [the claimant's] RFC"); *Sprowl v. Comm'r of Soc. Sec.*, 794 F. Supp. 3d 477, 486 (W.D. Tex. Aug.6, 2025) ("Numerous district courts, including this Court, have relied on this principle in vacating RFC determinations that are not supported by an actual medical opinion and instead are based on the ALJ's subjective interpretation of the medical data in the record.) (collecting cases).

The SAMCs at the initial and reconsideration level found that there was "insufficient evidence to establish a disability prior to the DLI of 9/30/22." (Tr. 90; *see* Tr. 91-92, 99-101.) Moreover, it appears that the ALJ interpreted Galvan's raw medical data to support the limitations set forth in the RFC determination by citing to various progress notes, medical records, laboratory results, and statements made by Galvan—none of which address Galvan's work limitations. (*See*, *e.g.*, Tr. 51-55.) Therefore, without any such evidence in the record that clearly establishes the effects of the claimant's impairments on his ability to work, the ALJ's RFC determination is not supported by substantial evidence. *See*, *e.g.*, *Walker v. Comm'r , Soc. Sec. Admin.*, No. 4:24-CV-402-BJ, 2025 WL 1031206, at *7 (N.D. Tex. April 7, 2025) (collecting cases).

As reversal is warranted only if Galven was prejudiced by the error, the final issue is whether the ALJ's error is a harmless error. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam). "Procedural perfection in administrative proceedings is not required," thus, a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays*

*v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam).  Therefore, for remand to be required, Galvan must show that he was prejudiced by the ALJ's failure to rely on medical opinion evidence in assessing his RFC.  To establish prejudice, he must show that the ALJ's failure to rely on evidence in the record that clearly establishes the effects of Galven's impairments on his ability to work casts doubt onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec. Admin.*, 537 F. Supp. 2d 823, 837 (N.D. Tex. Mar. 6, 2008) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris*, 864 F.2d at 335).

In this case, the ALJ's failure to rely on evidence that clearly establishes the effects of Galvan's impairments on his ability to work in formulating the RFC determination casts doubt as to whether substantial evidence exists to support the finding that he is not disabled.  *See Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *11 (N.D. Tex. Jan. 16, 2015) (finding prejudice "where the ALJ could have obtained evidence that might have changed the result— specifically a medical source statement"); *Laws v. Colvin*, No. 3:14-CV-3683-B (BH), 2016 WL 1170826, at *10 (N.D. Tex. Mar. 25, 2016) (reversing and remanding for further proceedings for lack of substantial evidence because the ALJ failed to rely on a medical opinion in determining plaintiff's RFC).  Accordingly, the error is not harmless, and remand is required on this issue.[4]

---

[4] Because the Court finds and concludes that the case should be remanded on this issue, the Court will not consider Galvan's second issue relating to his non-severe impairment of insomnia.  Nevertheless, upon remand, the Commissioner should ensure that Galvan's non-severe impairment of insomnia is properly considered.

## <u>CONCLUSION</u>

Based on the foregoing, the Commissioner's decision is **REVERSED and REMANDED**

for further administrative proceedings consistent with this order.

SIGNED April 1, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE